UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kenneth Adams,

    Plaintiff,

    v.      Case No. 1:12cv823

Commissioner of Social Security     Judge Michael R. Barrett

    Defendant.

**ORDER**

This matter is before the Court upon the Magistrate Judge's January 10, 2014 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 20.)

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R (Doc. 22) and Defendant filed a Response to those Objections (Doc. 26).

**I.    BACKGROUND**

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except to the extent necessary to address Plaintiff's objections. The Magistrate Judge found that there was substantial evidence to support the ALJ's decision that Plaintiff was not disabled before June 30, 2006, the date his DIB insured status expired.[1]

---

[1] At the hearing, Plaintiff amended his onset date to January 1, 2001 in order to account for the work he performed for temporary services after his retirement. (Tr. 66). However, in several

Plaintiff's raises four objections.  First, Plaintiff argues the ALJ did not properly evaluate Plaintiff's impairments under Listings 1.04 and 14.09.  Second, Plaintiff argues the ALJ did not properly evaluate whether Plaintiff equaled Listings 1.03, 1.04 or 1.09C based on a combination of his impairments.  Third, Plaintiff makes a related argument that the ALJ's RFC determination is not based on substantial evidence.  Finally, Plaintiff argues that the ALJ did not properly determine that Plaintiff's testimony was only credible as to his present, and not past, functional limitations and activities of daily living.

## II. ANALYSIS

### A. Meeting Listings 1.04 and 14.09

Plaintiff argues that the ALJ did not properly analyze whether Plaintiff's ankylosing spondylitis, flexion contracture in his hips and osteoarthritis in his knees met Listings 1.04 (disorders of the spine) and 14.09 (inflammatory arthritis).

The Sixth Circuit has made it clear that an ALJ errs by failing to analyze a claimant's physical condition in relation to the Listed Impairments.  *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011).  As the court explained:

> . . the ALJ needed to actually evaluate the evidence, compare it to Section 1.00 of the Listing, and give an explained conclusion, in order to facilitate meaningful judicial review.  Without it, it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996); *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir.1999); *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir.2000).  As the Third Circuit explained, "[b]ecause we have no way to review the ALJ's hopelessly inadequate step three ruling, we will vacate and remand the case for a discussion of the evidence and an explanation of reasoning" supporting the determination that Reynolds' severe impairments do not meet or medically equal a listed impairment. *Burnett*, 220 F.3d at 120.

---

places the ALJ refers to his original onset date of October 1, 1999.

2

*Id.* However, the difficulty in this case is that a remand would be a "formalistic matter of procedure" because the record contains little evidence from the relevant time period which shows that Plaintiff meets the criteria in Listings 1.04 or 14.09. *Cf. Reynolds*, 424 F. App'x at 416 ("[I]n this case, correction of such an error is not merely a formalistic matter of procedure, for it is possible that the evidence Reynolds put forth could meet this listing.").

In July of 1992, Dr. Kahn noted that Plaintiff had "no motion in the spine what so ever." (Tr. 264.) Dr. Kahn diagnosed Plaintiff with ankylosing spondylitis with persistent pseudoarthrosis. (Tr. 264.) In August of 1992, Plaintiff had fusion surgery. (Tr. 263.) One month after the surgery, Dr. Kahn noted that Plaintiff "looked absolutely super" and was functioning reasonably well after his spine fusion surgery. (Tr. 262.) In November of 1992, Dr. Kahn noted Plaintiff was doing "quite well." (Tr. 262.) Dr. Kahn allowed him to return to work on April 13, 1993. (Tr. 261.)

In January of 1995, Plaintiff returned to see to Dr. Kahn for back pain which started four months earlier. (Tr. 260.) While x-rays did not show a fracture, Dr. Kahn believed that Plaintiff had a fracture through part of the ankylosing spine above the fusion. (Tr. 260.)

There are no other records from Dr. Kahn until 2009. Plaintiff acknowledges he did not make regular visits to his physicians over the years, and that there is a gap in the treatment records from Dr. Kahn from 1994 to 2009. (Tr. 258-264.) Unfortunately, this gap coincides with Plaintiff's alleged period of disability: January 1, 2001 to June 30, 2006. While Dr. Kahn rendered opinions in 2009 and 2011, the ALJ determined that his opinions did not relate back to Plaintiff's condition before June 30, 2006.

The ALJ also rejected the opinion of Malcom A. Brahms, M.D. who testified as a medical expert at the hearing.  (Tr.)[2]  In response to questioning from Plaintiff's attorney, the medical expert testified that Plaintiff's ankylosing spondylitis is progressive since his surgery in 1992.  (Tr. 41.)  When asked whether Plaintiff meets both the Listing of 1.04C and 14.09C, the medical expert replied, "That's correct."  (Id.)  However, as support for his opinion that Plaintiff met Listing 1.04(c), Dr. Brahms pointed to Dr. Kahn's 2009 opinion.  (Tr. 39.)  Dr. Brahms did not provide any support for his opinion that Plaintiff met Listing 14.09C.

The ALJ noted that in May of 2005, Plaintiff's x-rays showed multiple right rib fractures.  (Tr. 281).  However, the ALJ noted that there was no evidence of "arthritis, nor the signs and findings needed to meet the criteria of Listing 1.04, 14.04, and 14.09."  (Tr. 26.)

A claimant bears the responsibility of demonstrating that an impairment satisfies the diagnostic description for the listed impairment in order to be found disabled thereunder.  *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001) (citing *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984) (holding that a lack of evidence to support the requirements of Listing 1.05(C) provided substantial evidence that the claimant was not disabled)).  The record does not contain evidence which demonstrates that Plaintiff meets Listings 1.04 or 14.09C.  Therefore, Plaintiff's objections on this issue are OVERRULED.

B.  <u>**Equaling Listings 1.03, 1.04 and 14.09C**</u>

Plaintiff argues that his combination of advanced ankylosing spondylitis, osteoarthritis in his knees and his obesity equals the Listings 1.03, 1.04 or 14.9C.

---

[2]Dr. Brahms was incorrectly identified as "Dr. Brown" in several places in the transcript.

4

However, the ALJ explained that no medical source has stated that the severity of the claimant's impairments medically equals the criteria of a listed impairment. (Tr. 26.) Therefore, Plaintiff's objections on this issue are OVERRULED.

### C. RFC determination

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence. As explained above, the ALJ determined that Dr. Kahn's 2009 and 2011 opinions do not relate back to Plaintiff's alleged period of disability. As the Magistrate Judge explained in great detail, the ALJ properly considered the medical evidence in the record in determining Plaintiff's RFC. Therefore, Plaintiff's objections on this issue are OVERRULED.

### D. Credibility

While the ALJ found Plaintiff credible, the ALJ explained that "[l]ittle, if any, testimony was presented by the claimant that actually described his activities of daily living and symptoms as they existed prior to the date last insured." (Tr. 27.) Therefore, the Court finds that the ALJ's credibility finding is supported by substantial evidence. Therefore, Plaintiff's objections on this issue are OVERRULED.

### III. CONCLUSION

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's January 10, 2014 R&R (Doc. 20) affirming the decision of the Commissioner. This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                            */s/ Michael R. Barrett*
                                          Michael R. Barrett, Judge
                                          United States District Court